I, GAUDIN, Judge.
This is an appeal from a judgment of the 24th Judicial District Court dismissing Betty Lannes’ claim for injuries sustained in a slip and fall accident. We affirm.
No doubt Ms. Lannes fell on March 9,1997 outside Denny’s restaurant on South Causeway Boulevard in Jefferson Parish. The trial judge, however, placed no credibility in either Ms. Lannes’ testimony or that of the only other testifying witness, Ms. Lannes’ niece Michelle Mauer, particularly with regard to exactly where Ms. Lannes fell. She said she went down “halfway in and halfway out” the restaurant’s front doors while Mrs. Mauer’s testimony appears to indicate that Ms. Lannes fell in the parking lot. This is from Mrs. Mauer’s testimony:
Q ... did your aunt fall that day? Did you see her fall?
A — Yeah she did fall.
Q Okay. Where were you when she fell?
A — In the parking lot.
Q In ...
A — Denny’s parking lot. We were walking to the car.
The trial judge assigned these written reasons for judgment:
“After considering the record, the testimony, the evidence, and thej^law, the court is of the opinion that the plaintiff is not entitled to judgment in her favor. The Court bases its ruling on the following. This Court finds that the plaintiff, a customer of Denny’s has not met her burden of proof that she slipped and fell at Denny’s. The Court noted that plaintiffs testimony conflicted numerous times with the testimony of Michelle Mauer, the plaintiffs niece, regarding the circumstance surrounding the accident leaving the *54 Court to find neither testimony credible. In particular, the plaintiff testified that she slipped and fell on a foreign substance in the doorway of Denny’s while Ms. Mauer testified that the plaintiff fell on some food that Ms. Mauer had seen earlier that was located clearly outside of the restaurant. Additionally, the plaintiff testified that she was seated in the car when Ms. Mauer remembered that her keys were in the restaurant and asked the plaintiff to retrieve them. Ms. Mauer, however, testified that they were walking to the car in the parking lot when her brother remembered that he had left his keys in the restaurant and asked the plaintiff to retrieve them. Finally, the plaintiff testified that they had gone straight to Denny’s while Ms. Mauer testified that they had done several errands prior to their breakfast at Denny’s.”
This is, we believe, a manifest error case. This Court’s function is not to set aside findings of fact based on reasonable evaluations of credibility. Here, the record supports the judgment.
AFFIRMED.
CANNELLA, J., dissents with reasons.